IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-17-840 M |
| SAM ROBINSON | § § § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)     The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

              [ ]     a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

              [ ]     an offense for which the maximum sentence is life imprisonment or death.

              [ ]     an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

              [ ]     a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(c), or comparable state or local offenses.

    [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)   A period of not more than five years has elapsed since the (date of conviction)

(release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[x] B. Findings of Fact [18 U.S.C. § 3142(e)]

[x] (1) There is probable cause to believe that the defendant has committed an offense

[ ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a) ( ) 841(a)(1).

[ ] under 18 U.S.C. § 924(c).

[x] under 18 U.S.C. ( x ) § 2251 ; § 2252A (a)(2)(B); (x ) § 2252A (b)(1); ( ) §2256

[x] (2) The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x] C. Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x] D. Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:
Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[x] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Sam Robinson sexually exploited a minor in violation of 18 U.S.C. § 2251(a).
**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**

Evidence presented at the probable cause and detention hearing shows that Sam Robinson ("Robinson") sexually exploited a minor and produced child pornography as described in the Criminal Complaint and testified to at the hearing. The Court finds by clear and convincing evidence, in addition to the presumption set forth in subsection (e)(3)(E) of the Bail Reform Act, that Robinson is a danger to minors in the community and a flight risk.

For bail evaluation purposes, Robinson's charges are considered a crime of violence. This is relevant to the danger he presents to children if free on bail. Under 18 U.S.C. § 3156(a)(4), a crime of violence includes "any felony under chapter ... 110." *Id.* at (c). A violation of § 2251(a) falls within Chapter 110, Sexual Exploitation and Other Abuse of Children. Also, under 18 U.S.C. § 3142(e)(3)(E), a presumption arises that there is no condition or combination of conditions that will reasonably assure the appearance of Robinson and that he is a danger to the community, namely minors in the community. Robinson did not rebut either presumption at the bail hearing.

The FBI case agent testified about a cybertip that had been received from the Center for Missing and Exploited Children from Chaturbate, a webcam site which allows viewers to live stream erotic or pornographic performances over the internet. Chaturbate viewers are given a user name and ID. Viewers can view at no charge but tips are paid to the performers. Chaturbate is designed for adults. Chaturbate reported that a user violated its terms of live streaming sexual acts by a viewer of a minor. The agent testified Robinson live streamed the minor performing sexual acts. The case agent testified about 26 still images of the live stream and two user names associated with the live stream. The still images depict an adult female and minor female engaged in sexual conduct. For example, the minor female, under the age of 15, is lying on a bed, open legs, with her genitals displayed. There are images showing oral sex performed by the minor female on the adult female. Other images show the minor female being digitally penetrated by the adult female. The live stream further shows the viewer, Robinson, giving oral commands to the adult female and minor female about the sexual acts to be performed. The adult and minor victim were instructed to perform specific sexual acts such as "have her eat ur pss", "bring man in to fuck you both", "eat her asshold"

and "eat her ass." The case agent testified that Chaturbate shut down the account and reported the live stream to authorities. The IP address used to live stream the webcam was traced to Porter, Texas, and ultimately to Robinson. The adult female tried to get her tip payment money from Chaturbate because Robinson had paid a tip with his credit card. She stated that she provided the minor at the request of Robinson. The agent testified Robinson's credit card number had paid a tip to the adult. Agents later searched Robinson's residence pursuant to a warrant. Robinson was advised of his Miranda warnings and stated that he was familiar with Chaturbate and that he had used the Chaturbate many times. The agent testified that Robinson has a Gmail account with a user name that is the same as his Chaturbate user ID. In Robinson's wallet was the credit card used to pay Chaturbate for viewing the sex acts with a minor. After receiving Miranda warnings, Robinson was shown photos of the minor female victim. Robinson stated he believed the female minor was age 15-16 years old.

Robinson has family ties to the community. He owns a home with his wife. He has a 15 month old daughter. His employment is stable. His criminal history includes an arrest for misdemeanor assault.

Given his personal characteristics, the strength of the evidence, and the likelihood of a substantial prison sentence, the risk of flight is great. Moreover, under 18 U.S.C. 3146(g)(1), the offense charged is both a crime of violence and involves minor victims. These objective factors show the seriousness of the danger Robinson presents to the community, particularly minor children in the community. Because of the type of live streaming of a minor, and the instructions Robinson gave to produce child pornography, the severity of the potential sentence weighs heavily in favor of detention. *United States v. Almasri*, Crim. A. No. H-07-155, 2007 WL 2969740, at *1 (S.D. Tex. Oct. 10, 2011)(finding severity of potential ten-year sentences weighed in favor of detention).

Based on clear and convincing evidence, I find there are no conditions or combination of conditions that would assure Robsinson's court appearances or the safety of the community. Therefore, detention is ORDERED. Accordingly, the Court orders that Defendant Sam Robinson is DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 2d day of June 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE